Ida THOMPSON, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 04–55020.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 21, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff—Appellant.

Jason K. Axe, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** Senior Judge.

MEMORANDUM ***

Ida Thompson ("Thompson") appeals from the district court's affirmance of the Commissioner of the Social Security Administration's denial of her claim for social security disability insurance benefits.

---

** The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

We review de novo a district court's judgment affirming the Commissioner's denial of benefits. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). The Commissioner's decision may be set aside only if the findings are not supported by substantial evidence in the record, or are based on legal error. *Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004).

Thompson raises three arguments on appeal.[1] First, she argues that the Administrative Law Judge ("ALJ") erred in finding that her past work and residual functional capacity demonstrate that she possesses transferable skills, which meet the requirements of the alternative work identified by the vocational expert. Second, Thompson contends her skills are not transferable because the alternate work positions suggested by the ALJ are not found under the same work file number or Material, Products, Subject Matter, and Services number as her prior position of Shipping and Receiving Clerk in the Dictionary of Occupational Titles, her skills are not transferable. Third, Thompson urges that the vocational expert's testimony is insufficient to support the ALJ's conclusion that Thompson could perform the alternative work suggested by the vocational expert.

Thompson's arguments are not persuasive. Contrary to her contention, alternate work does not mean identical work. 20 C.F.R. § 404.1568(d)(3). In determining transferability under § 404.1568, the ALJ considered (1) the degree of skill required, (2) the tools or machines used, and (3) the materials, products, and processes involved, as required by the regulation. Each alternative position required

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. As the parties are familiar with the facts and procedural history of this case, we do not recite these details here.

skills equal or lesser to that of the shipping and receiving position Thompson had previously held. Thompson testified that she used computers and telephones as a shipping and receiving clerk. Also, Thompson failed to suggest how the materials, products, processes, or services in the alternative positions differed in any material respect from those used in her prior position.

The similarities between Thompson's prior work and the alternative positions of receptionist, route-delivery clerk, and general clerk demonstrate that there is substantial evidence to support the ALJ's decisions. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). In *Osenbrock v. Apfel,* 240 F.3d 1157, 1163 (9th Cir.2001), we held that uncontradicted expert testimony constitutes substantial evidence. Here, although Thompson contests the sufficiency of the vocational experts' testimony, she offered no evidence to contradict the vocational experts.

The district court's affirmance of the Commissioner's denial of social security disability insurance benefits is

AFFIRMED.